UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEVON J. and CYNTHIA H. McKENNA,

Plaintiffs

v.

COMMONWEALTH UNITED MORTGAGE,
a division of National City Bank of Indiana,
HOME CAPITAL FUNDING, and
NATIONAL CITY MORTGAGE COMPANY,

Defendants

Case No. C08-5330RJB

ORDER GRANTING IN PART AND RENOTING DEFENDANT NATIONAL CITY MORTGAGE'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant National City Mortgage's Motion for Summary Judgment (Dkt. 7). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Unless otherwise indicated, the following facts are undisputed or taken in the light most favorable to the Plaintiffs Devon J. McKenna and Cynthia H. McKenna, the nonmoving parties: On June 29, 2005, the McKennas executed an adjustable rate note ("the note") to Commonwealth United Mortgage ("Commonwealth") in the amount of $172,296 and a deed of trust securing the note and covering real property consisting of the McKennas' permanent residence in Yelm,

ORDER - 1

Washington. Dkt. 1 at 3. Apparently, the note fell into default, and National City Mortgage Company ("National City") notified the McKennas of its intent to conduct a foreclosure sale of the McKennas' property on May 23, 2008.

On May 22, 2008, the McKennas filed suit in federal court asserting breach of contract; wrongful foreclosure; violation of the Truth in Lending Act ("TILA"), 15 U.S.C.. § 1604, *et seq.*; violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C.. § 2601, *et seq.*; violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1592 *et seq.*; violation of Washington's Consumer Protection Act ("CPA"), RCW 19.86 *et seq.*; violation of Washington's Consumer Loan Act ("CLA), RCW 31.04 *et seq.*; and breach of fiduciary duty. Dkt. 1 at 4-11. The complaint alleges federal jurisdiction pursuant to 28 U.S.C. § § 1331 (federal question) and 1367 (supplemental jurisdiction). *Id.* at 2. The McKennas sought injunctive and other relief. *Id.* at 11-14.

On May 23, 2008, the Court denied the McKennas' request for a temporary restraining order because there were "no facts shown in an affidavit or verified complaint, and . . . no showing of efforts made to give notice to defendants." Dkt. 2 at 2.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party

ORDER - 2

must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### III. DISCUSSION

National City seeks summary judgment on all claims, contending that there is no genuine issue of material fact as to the validity of the foreclosure and trustee's sale, that the McKennas' TILA claims are time barred or lacking in merit, that the McKennas have failed to allege any facts amounting to a RESPA violation, that the McKennas have filed to file a complaint with the credit report agency as required before bringing a claim under the Fair Credit Reporting Act,15 U.S.C. §

ORDER - 3

1681, *et seq.*,[1] that the McKennas fail to allege facts amount to a FDCPA violation, that there is no evidence of an unfair act or practice or of a public impact as required for the CPA claim, and that the McKennas fail to create a genuine issue of material fact in support of their CLA claim. Dkt. 7.

The McKennas did not file an opposition to the motion except that they did file declarations from the plaintiffs' current attorney and from "the attorney that had previously been involved with Plaintiffs." Dkt. 11; *see* Local Rule CR 7(b)(2) (Failure to file a brief in opposition to the motion may be construed as an admission that the motion has merit.).

**A.    FEDERAL CLAIMS**

The McKennas' counsel concedes that their TILA claims are untimely and request that their state claims be dismissed without prejudice:

> As to the Federal claims, Defense Counsel is correct that the Plaintiffs did not bring their rescission claim within three years as is required by TILA and obviously did not bring their TILA damages claim within one year as is required by TILA.
> The remaining claims brought by Plaintiffs in the Federal action appear to be predominately State claims, including the Consumer Protection Act claim (which has a four year statute of limitations which has not expired), which Plaintiffs should in fairness bring in State Court. Given this newly revealed and understood information, Plaintiffs are requesting that their claims be dismissed without prejudice at least as to the State claims which should be allowed to be pursued in State Court given the subsequent lack of Federal jurisdiction that is now apparent.

Dkt. 11 at 2.

Because the McKennas do not address their remaining federal claims and did not oppose National City's motion, their TILA, RESPA, and FDCPA claims should be dismissed.

**B.    STATE CLAIMS**

---

[1] The complaint does not appear to allege a violation of the FCRA, and it is unclear why National City seeks summary judgment under this statute.

ORDER - 4

Section 1367 of Title 28 provides that district courts with original jurisdiction over certain claims have supplemental jurisdiction over all other claims that are "part of the same case or controversy." 28 U.S.C. § 1367(a). District courts may decline to exercise supplemental jurisdiction over state claims if (1) state claims raise novel or complex issues of state law, (2) state claims substantially predominate over claims within the court's original jurisdiction, (3) all claims within the court's original jurisdiction have been dismissed, or (4) there are exceptional circumstances and compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c).

National City did not file a reply, and National City's position regarding dismissal of the state claims without prejudice, either for lack of jurisdiction or pursuant to the McKennas' request, is therefore unclear. No other defendant has joined in National City's motion or stated a position regarding the motion or the McKennas' request for dismissal without prejudice.

Accordingly, while the Court may decline to exercise jurisdiction over the remaining state claims, the Court should first afford all parties an opportunity to be heard as to whether all state claims should be dismissed without prejudice for lack of jurisdiction or pursuant to the McKennas' request.

**C.  OTHER DEFENDANTS**

National City's proposed order seeks summary judgment as to "the defendants." Dkt. 7-2 at 1. Though Commonwealth and National City are represented by the same counsel, the motion is expressly brought only on behalf of National City: "National City Mortgage ('Defendant' and/or 'National City') requests that the court enter an Order for summary judgment in its favor." Dkt. 7. Defendant Home Capital Funding has not yet appeared. Therefore, counsel for Commonwealth and National City should clarify whether the motion was intentionally limited to seeking relief only on behalf of National City.

ORDER - 5

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendant National City Mortgage's Motion for Summary Judgment (Dkt. 7) is **GRANTED in part**, and all federal claims against National City Mortgage are **DISMISSED**. It is further

**ORDERED** that on or before September 19, 2008, the parties may submit supplemental briefing on the issues raised herein, and the Court reserves its ruling on the Motion for Summary Judgment on the state claims pending receipt of any such briefing. Defendant National City Mortgage's Motion for Summary Judgment (Dkt. 7) is **RENOTED** for consideration on September 19, 2008.

DATED this 9th day of September, 2008.

*/s/ Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge

ORDER - 6