UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEVON J. and CYNTHIA H. McKENNA,

Plaintiffs

v.

COMMONWEALTH UNITED MORTGAGE,
a division of National City Bank of Indiana,
HOME CAPITAL FUNDING, and
NATIONAL CITY MORTGAGE COMPANY,

Defendants

Case No. C08-5330RJB

ORDER GRANTING DEFENDANT
NATIONAL CITY MORTGAGE'S
MOTION FOR SUMMARY
JUDGMENT AND PROCEDURAL
ORDER

This matter comes before the Court on Defendant National City Mortgage's Motion for Summary Judgment (Dkt. 7). The Court has considered the pleadings filed in support of and in opposition to the motion, the parties' supplemental briefing (Dkts. 13, 15, 16), and the remainder of the file herein. Though Commonwealth United Mortgage and National City Mortgage are represented by the same counsel, the motion is expressly brought only on behalf of National City Mortgage, and this order therefore applies only to National City Mortgage.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Unless otherwise indicated, the following facts are undisputed or taken in the light most favorable to the Plaintiffs Devon J. McKenna and Cynthia H. McKenna, the nonmoving parties: On

ORDER - 1

June 29, 2005, the McKennas executed an adjustable rate note ("the note") to Commonwealth United Mortgage ("Commonwealth") in the amount of $172,296 and a deed of trust securing the note and covering real property consisting of the McKennas' permanent residence in Yelm, Washington. Dkt. 1 at 3. Apparently, the note fell into default, and National City Mortgage Company ("National City") notified the McKennas of its intent to conduct a foreclosure sale of the McKennas' property on May 23, 2008.

On May 22, 2008, the McKennas filed suit in federal court asserting breach of contract; wrongful foreclosure; violation of the Truth in Lending Act ("TILA"), 15 U.S.C.. § 1604, *et seq.*; violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C.. § 2601, *et seq.*; violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1592 *et seq.*; violation of Washington's Consumer Protection Act ("CPA"), RCW 19.86 *et seq.*; violation of Washington's Consumer Loan Act ("CLA), RCW 31.04 *et seq.*; and breach of fiduciary duty. Dkt. 1 at 4-11. The complaint alleges federal jurisdiction pursuant to 28 U.S.C. § § 1331 (federal question) and 1367 (supplemental jurisdiction). *Id.* at 2. The McKennas sought injunctive and other relief. *Id.* at 11-14.

On May 23, 2008, the Court denied the McKennas' request for a temporary restraining order because there were "no facts shown in an affidavit or verified complaint, and . . . no showing of efforts made to give notice to defendants." Dkt. 2 at 2.

On August 8, 2008, National City moved for summary judgment on all claims, contending that there is no genuine issue of material fact as to the validity of the foreclosure and trustee's sale, that the McKennas' TILA claims are time barred or lacking in merit, that the McKennas have failed to allege any facts amounting to a RESPA violation, that the McKennas have filed to file a complaint with the credit report agency as required before bringing a claim under the Fair Credit Reporting Act,15 U.S.C. § 1681, *et seq.*, that the McKennas fail to allege facts amounting to a FDCPA

ORDER - 2

violation, that there is no evidence of an unfair act or practice or of a public impact as required for the CPA claim, and that the McKennas fail to create a genuine issue of material fact in support of their CLA claim. Dkt. 7.

Because the McKennas conceded that their TILA claim was time barred, did not address their remaining federal claims, and did not oppose National City's motion, their TILA, RESPA, and FDCPA claims were dismissed. Dkt. 12 at 4. With respect to the state claims, the Court afforded the parties an opportunity to be heard as to whether all state claims should be dismissed without prejudice for lack of jurisdiction or pursuant to the McKennas' request. *Id.* at 5. Finally, the Court sought clarification from counsel for Commonwealth and National City as to whether the motion was intentionally limited to seeking relief only on behalf of National City. *Id.* The Court reserved its ruling on the Motion for Summary Judgment on the state claims pending receipt of any supplemental briefing and renoted the motion for consideration on September 19, 2008. *Id.* at 6.

National City and Commonwealth have provided additional briefing and urge the Court to continue to exercise supplemental jurisdiction over the McKennas' state claims pursuant to 28 U.S.C. § 1367 and to dismiss those claims for the reasons stated in National City Mortgage's Motion for Summary Judgment (Dkt. 7). Dkt. 13 at 1-2.

The McKennas have also provided supplemental briefing. Dkt. 15. The McKennas maintain that their Consumer Protection Act claim is viable and offer a affidavit from a witness who opines that the McKennas' loan transaction evidences "violations of federal law." Dkt. 16 at 4.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to

ORDER - 3

judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### III. DISCUSSION

ORDER - 4

As to National City, the McKennas' federal claims have been dismissed. Dkt. 12. Portions of National City's motion seeking summary judgment on the claims for violation of the CPA and CLA are now ripe for decision.[1]

National City seeks summary judgment on the McKennas' consumer protection act claim, contending that the McKennas' loan transaction was a private transaction not affecting the public's interest. Dkt. 7 at 19-20. National City also seeks summary judgment on the McKennas' CLA claim on the grounds that the McKennas fail to create a genuine issue of material fact. *Id.* at 20.

**A.   SUFFICIENCY OF THE EVIDENCE**

As a threshold matter, the Court notes that the McKennas have failed to come forth with evidence to refute the summary judgment motion. The McKennas did not file a brief in opposition to the motion. *See* Local Rule CR 7(b)(2) (Failure to file a brief in opposition to the motion may be construed as an admission that the motion has merit.). Instead, the McKennas filed declarations from the plaintiffs' current attorney and from "the attorney that had previously been involved with Plaintiffs" and an affidavit from TJ Henderson. Dkt. 11.

Mr. Henderson's affidavit was not submitted in response to National City's motion for summary judgment, and National City has been deprived of an opportunity to respond to it. While this evidence is therefore not properly before the Court, the Court has considered the affidavit in the interest of resolving this matter on its merits. This evidence is of limited assistance, however, for several reasons.

First, the McKennas fail to offer any evidence from which the Court could determine that their proffered expert, TJ Henderson, is qualified to give expert testimony. *See* Fed. R. Evid. 702 ("If

---

[1] The remaining claim, breach of fiduciary duty, is brought only against Home Capital Funding. Dkt. 1 at 11.

ORDER - 5

scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion."). For example, Mr. Henderson identifies himself as "the primary Auditor for Consumer Guardian" but fails to articulate his job responsibilities or to articulate the nature and scope of work performed by Consumer Guardian. *See* Dkt. 16 at 2. Similarly, Mr. Henderson professes to "hav[ing] been in the mortgage auditing business for 10 years and legal industry for the past 16 years." *Id.* The terms "mortgage auditing business" and "legal industry" are vague and do not assist the Court in evaluating Mr. Henderson's qualifications.

Second, Mr. Henderson's affidavit is not accompanied by sworn or certified copies of the documents he reviewed. *See* Fed. R. Civ. P. 56(e)(1) ("If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit.").

Third, it is unclear from the affidavit whether Mr. Henderson reviewed all documents within the McKennas' loan file. *See* Dkt. 16 at 2 ("On February 12, 2008 and again on September 16, 2008, I performed an audit and examination of the closing documents received by Devon and Cynthia McKenna."). There is no evidentiary showing that what Mr. Henderson reviewed was, in fact, the complete loan file – or even the McKennas' complete file. His affidavit is therefore not based on his personal knowledge. For those reasons, the Court is unable to rely on his affidavit in considering National City's summary judgment motion.

To the extent that the McKennas intend to rely on their complaint to oppose summary judgment, their reliance is misplaced. To oppose a properly supported motion for summary judgment, a party must set out specific facts in affidavits and/or in sworn pleadings. *See* Fed. R. Civ. P. 56(2)(2) ("When a motion for summary judgment is properly made and supported, an opposing

ORDER - 6

party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial."). A verified complaint may serve as an opposing affidavit under Federal Rule of Civil Procedure 56 if it is based on personal knowledge and sets forth specific facts that would be admissible in evidence. *Schroeder v. McDonald*, 55 F.3d 454, 460 (9th Cir. 1995). In this case, the complaint is signed only by Mr. McKenna but is not signed under penalty of perjury. Therefore, the complaint is insufficient to create a genuine issue of material fact. With this in mind, the Court turns to the remaining portions of National City's motion for summary judgment.

**B.     CONSUMER PROTECTION ACT**

The CPA creates a private cause of action: "Any person who is injured in his or her business or property by a violation of RCW 19.86.020 ["unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce"] . . . may bring a civil action." RCW 19.86.090. The elements of a private CPA violation are (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) and causes injury to the plaintiff in his or her business or property; and (5) such injury is causally linked to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986).

Regarding the second element, trade or commerce "includes the sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington." RCW 19.86.010(2). The first two elements of a CPA violation may be proved through direct evidence or may be established by a showing that the alleged act constitutes a per se unfair trade practice. A per se unfair trade practice exists when, by statute, the Legislature declares an unfair or deceptive act in

ORDER - 7

trade or commerce and the statute has been violated. *Id.* at 786. Of course, not every statutory violation falls within the CPA. *State v. Schwab*, 103 Wn.2d 542, 549 (1985).

A violation of the CLA is explicitly deemed a violation of the first and second elements of the CPA. RCW 31.04.208. The CLA requires adherence to federal and state disclosure requirements. RCW 31.04.027(6). Specifically, the CLA's disclosure obligations require compliance with TILA, RESPA, and FDCPA. WAC 208-620-510(1).

The third element, public interest, depends upon the nature of the dispute. In a private dispute, the public interest prong depends upon "the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion." *Hangman Ridge*, 105 Wn.2d at 790. In a consumer transaction, the court must examine several factors to determine whether the public interest is impacted:

> (1) Were the alleged acts committed in the course of defendant's business? (2) Are the acts part of a pattern or generalized course of conduct? (3) Were repeated acts committed prior to the act involving plaintiff? (4) Is there a real and substantial potential for repetition of defendant's conduct after the act involving plaintiff? (5) If the act complained of involved a single transaction, were many consumers affected or likely to be affected by it?

*Id.* Where the transaction was essentially a private dispute, as between an insurer and an insured, the following factors may indicate the requisite public interest: "(1) Were the alleged acts committed in the course of defendant's business? (2) Did defendant advertise to the public in general? (3) Did defendant actively solicit this particular plaintiff, indicating potential solicitation of others? (4) Did plaintiff and defendant occupy unequal bargaining positions?" *Id.* at 790-91.

In this case, the McKennas fail to create a genuine issue of material fact as to whether their loan transaction impacted the public's interest. Specifically, the McKennas fail to identify any facts from which a reasonable jury could conclude that additional plaintiffs have been or will be injured in

ORDER - 8

the same fashion; that the alleged conduct was part of a pattern or was repeated prior to the conduct alleged in this matter; that there is potential for similar conduct in the future; that many consumers were affected, or will likely be affected, by the conduct; that the defendants advertised to the public in general or solicited the McKennas specifically; or that the parties' bargaining positions were unequal. *See id.* Accordingly, the Court should grant National City's motion as to the CPA claim.

### C.  CONSUMER LOAN ACT

The McKenna's CLA claim is as follows:

> 34.   The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs. The defendants' violations of Consumer Loan Act, Revised Code of Washington, RCW 31.04 include misrepresenting the quality, characteristics, benefits and rights of the services involved in the transaction known as the McKenna Loans.
> 35.   But for the misrepresentations by Defendants of the services of each in the consumer lending transaction with Plaintiffs, Plaintiffs would not have sustained their damages therefrom and would not have entered into the McKenna Loans.
> 36.   Defendants stand responsible for those misrepresentations and resultant damage by virtue of their claim of owning and holding the note(s) and related lien(s).

Dkt. 1 at 10-11.

National City seeks summary judgment as follows:

> Here, the Plaintiffs allege that Defendants made misrepresentations that violated the Consumer Loan Act. However, the Plaintiffs allege no specific facts or evidence to support this claim. The Defendants, on the other hand, have provided documented evidence that they complied with the statutory requirements regarding the documents associated with this loan transaction. Thus, Plaintiffs have not provided facts that raise a genuine issue of material fact as to whether the Defendants made misrepresentations. In order for the Plaintiffs to raise a genuine issue of material fact as to the claim of misrepresentations in connection with the loan, the Plaintiffs must provide more than a baseless assertion.

Dkt. 7 at 20.

ORDER - 9

It is unclear what misrepresentations are alleged to amount to a CLA violation. The McKennas have therefore failed to create a genuine issue of material fact in support of their CLA claim, and summary judgment on this claim is proper.

**D.     JOINT STATUS REPORT**

On May 23, 2008, the Court entered a Minute Order setting August 21, 2008, as the deadline for filing a combined joint status report. Dkt. 4. To date, no Joint Status Report has been filed. It appears that while the parties have not yet conferred, the McKennas are prepared to proceed in this matter upon the Court's resolution of National City's motion for summary judgment. *See* Dkt. 13 at 2 ("[T]he plaintiffs have failed to disclose their preliminary witnesses and failed to confer with counsel regarding the discovery deadlines and a plan."); Dkt. 15 at 1 ("[T]he case will proceed in an orderly fashion with discovery in the event that the court doesn't dismiss the claims per the prior request of the Plaintiffs."). The Court notes that Home Capital Funding has not yet appeared.

The deadline for filing a joint status report should be extended to allow counsel for the remaining parties additional time to confer and draft a joint status report. The plaintiffs are cautioned, however, that failure to timely file a joint status report may result in dismissal

**E.     FEDERAL RULE OF CIVIL PROCEDURE 11**

The Federal Rules of Civil Procedure require that every pleading be signed by at least one attorney of record or by the party personally if unrepresented. Fed. R. Civ. P. 11(a). If a party files an unsigned pleading, the Court must strike the pleading "unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.*

Pursuant to 28 U.S.C. § 1654, parties may appear personally in federal court or through licensed counsel. Non-lawyers may not represent other litigants, however. *Johns v. County of San*

ORDER - 10

*Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'").

The complaint in this matter was filed by Devon J. McKenna on May 22, 2008. Dkt. 1. The complaint is signed by Mr. McKenna, pro se. *Id.* at 14. Ms. McKenna did not sign the complaint. On July 14, 2008, counsel appeared on behalf of the McKennas. Dkt. 6.

Because it appears that Mr. McKenna is not a lawyer, the complaint, in its current form, does not comply with Federal Rule of Civil Procedure 11(a). Accordingly, counsel for the plaintiffs is cautioned that failure to file an amended complaint bearing the signature of the plaintiffs' counsel will result in dismissal of all claims asserted by Ms. McKenna.

## IV. ORDER

Therefore, it is hereby

**ORDERED** that Defendant National City Mortgage's Motion for Summary Judgment (Dkt. 7) is **GRANTED**, and all remaining state claims against National City Mortgage are **DISMISSED**. It is further **ORDERED** that the deadline for filing a joint status report is extended to October 22, 2008, and that the plaintiffs shall forthwith file an amended complaint that complies with Federal Rule of Civil Procedure 11(a).

DATED this 23rd day of September, 2008.

*[signature]*

ROBERT J. BRYAN
United States District Judge

ORDER - 11