UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEVON J. and CYNTHIA H. McKENNA,

    Plaintiffs,

    v.

COMMONWEALTH UNITED MORTGAGE, a division of National City Bank of Indiana, HOME CAPITAL FUNDING, and NATIONAL CITY MORTGAGE COMPANY,

    Defendants.

Case No. C08-5330KLS

ORDER DISMISSING PLAINTIFFS' CLAIM OF VIOLATION OF THE TRUTH IN LENDING ACT

This matter was initially assigned to the Honorable Robert J. Bryan. However, pursuant to consent of the parties, on November 13, 2008 the matter was reassigned to the undersigned U.S. Magistrate Judge for all further handling.

Prior to the reassignment, Judge Bryan issued several orders (Dkts. #12 and 17). These orders dismissed all claims against National City Mortgage Company, including a Truth in Lending Act claim.

In addition, Judge Bryan directed the Plaintiffs to file an amended complaint bearing the signature of plaintiffs' counsel. (See Dkt. #17). Initially Devon McKenna filed the Complaint pro se. Inasmuch as Mr. McKenna is not an attorney, coupled with the fact that Cynthia McKenna did not sign the complaint, the initial complaint failed to comply with Federal Rule of Civil Procedure 11(a). Because of this deficiency, Judge Bryan ordered the filing of an amended complaint.

The Plaintiff's complied with the Court's directive and filed an Amended Complaint on October 24, 2008. (Dkt. #19). The Amended Complaint alleged only one claim against all defendants and that was violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1604, *et seq.* It did not assert any of the other claims set forth in the initial Complaint filed by Mr. McKenna.

The Court also notes that none of the Defendants filed a responsive pleading (Answer) to the initial complaint. Therefore, the Plaintiffs also had the right to file an Amended Complaint. F. R. Civ. P. 15(a)(1)(A).

The Defendant Commonwealth United Mortgage filed a Motion for Summary Judgment on October 17, 2008 (Dkt. #18) with a noting date of November 14, 2008. In its Reply (Dkt. #25), Commonwealth United Mortgage objected to the Plaintiff's amending the complaint to remove state causes of action (Dkt. #25, p. 5) and it requests that this Court rule on the pendent state causes of action. The undersigned is declining the Defendant's request to rule on the state causes of action. As noted above, the Plaintiffs filed an Amended Complaint at the direction of Judge Bryan as well as within the time permitted by the Federal Rules of Civil Procedure. The Plaintiffs have the right to amend their complaint and by having done so they have deleted any state causes of action.

The only remaining issue for determination by this Court is whether the Plaintiffs have a claim against Commonwealth United Mortgage for violation of the Truth in Lending Act. The Defendant asserts that this claim is time barred. The Plaintiff does not dispute the fact that the TILA statute of limitations ran prior to the Plaintiffs filing this claim in federal court. The Defendant's Motion to Dismiss the Plaintiffs only remaining claim of violation of the Truth in Lending Act is hereby GRANTED with prejudice.

## CONCLUSION

The Court notes that the Defendant Home Capital Funding has never made an appearance in this matter. In light of the fact that the Amended Complaint asserts only a violation of the Truth in Lending Act, and it being clear that this claim is time barred, there remain no issues before this court for determination and the entire case is hereby DISMISSED.

1 DATED this 30th day of December, 2008.

Karen L. Strombom
United States Magistrate Judge